```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**JOHNNIE MURRAY,**

                    **Petitioner,**

        v.                                    **CASE NO. 05-3392-SAC**

**LOUIS E. BRUCE, et al.,**

                    **Respondents.**

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2254. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis. Having examined the record, the court enters the following order.

**Background**

Petitioner was convicted in the District Court of Sedgwick County, Kansas, in 1998 of reckless second-degree murder and reckless aggravated battery. The Kansas Court of Appeals affirmed the conviction on May 12, 2000 (Doc. 2, Appendix B), and the Kansas Supreme Court denied the petition for review on July 14, 2000. This matter became final for purposes of habeas corpus review ninety days later.

It does not appear that petitioner sought additional review of his conviction until he filed a state post-conviction action

pursuant to K.S.A. 60-1507 on April 14, 2003. Relief was denied, and the Kansas Court of Appeals affirmed that decision on March 4, 2005. The Kansas Supreme Court denied review on June 9, 2005.

## Discussion

This matter is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, a prisoner has a one-year limitation period from the time a conviction becomes final to pursue federal habeas corpus relief. 28 U.S.C. 2244(d). The limitation period is tolled while a properly-filed application for state post-conviction relief is pending. 28 U.S.C. 2244(d)(2). Because it appears the petitioner did not pursue post-conviction relief until he filed his action pursuant to K.S.A. 60-1507 more than two years after the conviction became final, there is no statutory tolling. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003)(citing 28 U.S.C. 2244(d)(2)).

The one-year limitation period also is subject to equitable tolling "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(quotation omitted). Equitable tolling may be appropriate upon a showing of actual innocence. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Likewise, such tolling may be available where the petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his

2

control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

Petitioner contends that the failure to consider his claims would result in a fundamental miscarriage of justice. He claims the shooting for which he was convicted was accidental and that a prosecution witness gave different testimony at trial than he had given previously.

The court has examined the record and finds no basis to grant equitable tolling in this matter. The petitioner's assertion that the shooting was accidental is not a sufficient basis to support a finding of actual innocence of the charge of reckless second-degree murder. See Herrera v. Collins, 506 U.S. 390, 404 (1993)(fundamental miscarriage of justice exception applies only where a prisoner supplements constitutional claim with a colorable showing of factual innocence)(citation and internal punctuation omitted). Nor does the record suggest that the petitioner diligently pursued relief, as more than two years elapsed from the final decision by the Kansas Supreme Court on petitioner's direct appeal to the filing of his action for state post-conviction relief. See Marsh, 223 F.3d at 1220.

The court concludes this matter was not timely filed and that no basis for tolling has been shown.

IT IS THEREFORE ORDERED petitioner's motion for leave to proceed in forma pauperis is granted, and his motion for the

appointment of counsel is denied as moot (Doc. 3).

IT IS FURTHER ORDERED this matter is dismissed.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 27th day of October, 2005, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge