```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**JOHNNIE MURRAY,**

                Petitioner,

     v.                                  CASE NO. 05-3392-SAC

**LOUIS E. BRUCE, et al.,**

                Respondents.

**O R D E R**

This matter is a habeas corpus action filed pursuant to 28 U.S.C. § 2254. By an order filed on October 27, 2005, the court dismissed this matter as time-barred under the one-year limitation period established by 28 U.S.C. § 2244(d).

Petitioner has filed a motion to amend the judgment pursuant to Rule 59(e), Fed. R. Civ. P. (Doc. 6). He seeks equitable tolling based upon exceptional circumstances.

Petitioner acknowledges that his conviction became final for purposes of habeas corpus review on approximately October 14, 2000. He claims that he requested a copy of the trial records from his appellate counsel at the close of direct review, and he states that by diligently pursuing relief through his own efforts in the prison law library he was able to file a state post-conviction action within two years.

Equitable tolling is limited to circumstances in which "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is a narrow remedy and is reserved for such circumstances as "when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

The court finds no basis to grant equitable tolling in this matter. The petitioner has not set forth any specific facts which suggest he was denied access to records necessary to pursue claims, nor, despite his pro se status, is there evidence in the record of any state-created impediment to his timely filing of a state post-conviction action. See Gauthier v. Higgins, 2006 WL 637148 (10th Cir. 2006)(finding no cause for equitable tolling where prisoner alleged his inability to pay for transcripts and inadequate law library prevented him from timely filing his habeas corpus action).[1]

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for reconsideration (Doc. 6) is denied.

---

[1] A copy of this unpublished decision is attached.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 26th day of April, 2006, at Topeka, Kansas.

>S/ Sam A. Crow
>SAM A. CROW
>U.S. Senior District Judge